HYMAN v. LONDON ASSUR. CORP.

(Supreme Court, Appellate Division, Fourth Department. October 13, 1899.)

JUDGMENTS—DEFAULT—VACATION—IMPOSITION OF COSTS.

A case was set for trial on a day agreed on by the attorneys for the parties. On the appointed day plaintiff's attorneys of record were attending court in other places, and requested another attorney to appear for them and try the case. The case was held for the latter until he could communicate by telephone with plaintiff's attorneys of record, which he was unable to do. On informing the court thereof, the case was held open until after 11 o'clock a. m., when he again appeared, and declined to try it. Judgment was then entered, at defendant's request, dismissing the complaint. *Held,* that the default was regular, and that payment of the costs of the judgment, in addition to the costs of the motion, might, in the discretion of the court, be made a condition to opening it.

Appeal from special term, Erie county.

Action by Charles Hyman against the London Assurance Corporation on a fire insurance policy. From an order opening a default judgment in favor of defendant dismissing the complaint, on condition that plaintiff pay the costs of the judgment and motion, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Shire & Jellinek, for appellant.
Box, Norton & Bushnell, for respondent.

HARDIN, P. J. This action was originally brought in Erie county, and subsequently the place of trial was changed to Orleans county. The issues of fact were noticed for trial at a term to be held in that county, and the cause was regularly placed upon the calendar, and a note of issue was filed, and the same was entered upon the day calendar. A few days before the 7th of February, 1899, the respective attorneys conferred in respect to the time for the trial of the issues of fact, and arranged that, in the event that the justice who was assigned to hold the term would consent to hear it on the 7th of February, the same should be set down for trial on that day. Pursuant to their agreement, after inquiry of the justice, who assented to that day for the trial of the issues, the same was placed regularly upon the day calendar, and both parties consented to prepare for trial on that day. On the 6th of February, one of the attorneys for the defendant went to the village of Medina, and held a conversation with Mr. Filkins, who was employed as counsel; and on examining the case, and after making preparation for its trial, the

next day they, at 8 o'clock in the morning, left the village of Medina, and went to the village of Albion, where the trial was to take place; and when court was opened, on the morning of the 7th, at 9:30, the defendant's counsel appeared in court, and announced themselves ready to try the cause. Thereupon the judge consented to hold the case open for an hour or so, to enable Judge Signor, who had been asked by plaintiff's counsel to appear for them at the trial and to try the case, to communicate with the attorneys for the plaintiff, in the city of Buffalo, through the medium of a telephone. Judge Signor communicated with the office of the attorneys in Buffalo, and was unable to find present in the office either of the attorneys for the plaintiff. He returned to the court, and informed the trial justice of the fact that neither of the attorneys were in the office at the time his telephonic communication was had with the office. The trial judge consented that the case be further held until 11 o'clock, or a few minutes thereafter, when Judge Signor again appeared, and declined to enter upon the trial of the cause himself, and informed the court that neither of the attorneys were in attendance, or would be in attendance, at the trial. Thereupon the court, at the instance of the defendant's counsel, ordered a dismissal of the complaint, with costs.

It appeared by the affidavits produced that one of the attorneys for the plaintiff, after the cause was set down for trial on the 7th, left the city of Buffalo for the city of Utica to attend to a professional engagement in that city, knowing that this cause had been set down for trial on the 7th. It also appears by the affidavits that the other attorney, after having assented to the cause being set down for trial on the 7th, was informed that another cause was likely to be reached in which he was counsel at a trial term then being held in the city of Buffalo, and that he deliberately elected to give his time, attention, and services to the cause pending in the Erie trial term, and to omit to attend the Albion trial term.

Upon all the facts and circumstances disclosed, it must be assumed that the default taken by the defendant was regular, and that the plaintiff, who appeared at the trial in Albion with Judge Signor, who had been asked to act as counsel, omitted to enter upon the trial of the case, in the absence of the attorneys of record of the plaintiff. Under all the circumstances disclosed in the affidavits, the leading ones of which have been alluded to, it is apparent that the default was in every respect regular, and without any bad faith or improper practices on the part of the defendant. The special term to which the application was made to open the default was called upon to exercise its discretion as to whether the default should be opened, and, if so, upon what terms the same should be allowed to be opened. The special term, in the exercise of its discretion, determined to open the default on condition that the plaintiff pay the costs which had been taxed and entered in the judgment dismissing the complaint before the motion to open the default was made. The discretion was not unreasonably exercised, and as the plaintiff is asking a favor, there being no indication of any bad faith on the part of the defend-

ant, the discretion so exercised by the special term must be sustained.

Order affirmed, with $10 costs and disbursements.   All concur.